# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>   )<br>   Plaintiff,  )<br>   )<br>v.  )   Case No. CR-21-43-2-SLP<br>   )<br>PEDRO LANDEROS MURILLO,  )<br>   )<br>   Defendant.  ) | |

## **O R D E R**

Before the Court is Defendant's pro se Motion for Reduction of Sentence [Doc. No. 165]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 168] and opposes the requested relief. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 166]. For the reasons that follow, Defendant's Motion to Reduce Sentence is DISMISSED.

## I.   **Background**

On September 10, 2021, Defendant pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See* Doc Nos. 111–114. On July 18, 2022, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 138. The PSR calculated a base offense level of 38, plus (1) a two-level increase because defendant possessed a firearm in connection with the methamphetamine, (2) a two-level increase because the

methamphetamine was imported from Mexico, and (3) a two-level increase because Defendant maintained a residence for purposes of manufacturing and distributing the methamphetamine. PSR ¶¶ 34–37. This resulted in an adjusted offense level of 44. *Id.* ¶ 42. After applying the three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 41. *Id.* ¶¶ 44–46.

The PSR calculated a total criminal history score of zero for Defendant, placing him in a criminal history category of I. *Id.* ¶¶ 49–50. Combining Defendant's total offense level of 41 and criminal history category of I, the PSR calculated a guideline range of 324 to 405 months' imprisonment. *Id.* ¶ 82.

On September 27, 2022, the Court adopted the PSR without change, varied downward, and sentenced Defendant to 180 months' imprisonment. Doc. Nos. 159–160.

On April 17, 2024, Defendant filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 on grounds that he is a zero-point offender.

II.  **Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560

U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all eleven of the listed criteria.[1]

---

[1] Those eleven criteria are:
    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
    (4) the offense did not result in death or serious bodily injury;
    (5) the instant offense of conviction is not a sex offense;
    (6) the defendant did not personally cause substantial financial hardship;
    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

### III. Analysis

Because Defendant has zero criminal history points, he contends he is a zero-point offender entitled to a decrease in two offense levels. But Defendant fails to meet all eleven eligibility criteria. Specifically, Defendant fails to meet U.S.S.G. § 4C1.1(a)(7). As set forth in the PSR, Defendant received a two-point enhancement under U.S.S.G. §2D1.1(b)(1) for possessing a firearm in connection with the methamphetamine. *See* PSR ¶ 35. A sentence reduction, therefore, is not authorized under 18 U.S.C. § 3582(c)(2) and Amendment 821. Accordingly, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction of Sentence [Doc. No. 165] is DISMISSED.

IT IS SO ORDERED this 28th day of April, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense);
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role); and
(11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).